UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE J. GERRANS,

Plaintiff,

v.

ERHAN GUNDAY, et al.,

Defendants.

Case No. 24-cv-02187-JSC

**ORDER TO UPDATE ADDRESS; STRIKING SECOND AMENDED COMPLAINT; INSTRUCTIONS TO CLERK**

Plaintiff, a federal prisoner proceeding without an attorney, filed this civil action. On May 19 and 26, 2026, the Clerk mailed the Order Setting Deadline for Service and a summons (ECF Nos. 19, 20) to Plaintiff at the most recent address he provided (*see* ECF No. 15).[1] These items were returned by the postal service on June 8 and 12, 2026, respectively, because mail could not be delivered to him at the address he provided. (ECF Nos. 23, 24.) Additionally, Plaintiff has filed a Second Amended Complaint. (ECF No. 22.)

1.   Address

Pursuant to Northern District Civil Local Rule 3-11, a party proceeding without attorney representation (pro se) whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. Civ. L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within 60 days of this return a written communication from the pro se party indicating a current address. Civ. L.R. 3-11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th

---

[1] Plaintiff requested these items be mailed to two addresses, one in Tucson, Arizona, and one in Novato, California. (ECF No. 15.) Plaintiff may only maintain one mailing address with the Court, and unless unusual circumstances warrant, the Clerk does not prepare or send litigants multiple copies of court documents to multiple addresses.

Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court."   A district court may sua sponte dismiss an action pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962).  But such a dismissal should be only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  Plaintiff was ordered to keep the Court informed of any address change and cautioned that any failure to do so may result in the dismissal of this case under Rule 41(b).  (ECF No. 7 at 7:6-11.)  Plaintiff has not notified the Court of his current address as required by Civil Local Rule 3-11 and the Court's prior order.

The Court notes the Second Amended Complaint, which Plaintiff filed after the Clerk mailed him the Order Setting Deadline for Service and the summons, has a new return address. (ECF Nos. 22-5, 22-6.)  It is possible this is Plaintiff's current address; if so, he must explicitly inform the Court that is the case.

On or before **August 7, 2026,** Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; **and** (2) thereafter promptly notify the Court of any future changes in his mailing address.  **The failure to do so may result in the dismissal of this case under Civil Local Rule 3-11 and/or Rule 41(b).**

2.    Second Amended Complaint

Plaintiff filed a Second Amended Complaint.  (ECF No. 22.)  Federal Rule of Civil Procedure 15(a) provides:

> (1) **Amending as a Matter of Course.**  A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.

United States District Court
Northern District of California

United States District Court
Northern District of California

>      (2) **Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Plaintiff has already amended his complaint once. (ECF No. 10.)  He did not seek, or obtain, leave from the Court to file his Second Amended Complaint, and no Defendants have appeared to consent to this amendment.  Accordingly, pursuant to Rule 15(a)(2), Plaintiff was not permitted to file the Second Amended Complaint.  It is therefore STRICKEN.

After Plaintiff has completed service of process on the Defendants named in the operative First Amended Complaint, he may seek leave to further amend his claims against them.[2]  A new deadline for service of Defendants will be set if Plaintiff updates his address, as provided above.

The Clerk shall mail copes of this order to Plaintiff at the return address accompanying the Second Amended Complaint (ECF Nos. 22-5, 22-6), as well as to the address on the docket.

**IT IS SO ORDERED.**

Dated: June 23, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] Plaintiff does not seek to add new defendants in the Second Amended Complaint, which names the same Defendants as the First Amended Complaint.

3